| | |
|---|---|
| MICHAEL ANDREW PARIS, | Case No. 10-cv-1586 JLS (WMC) |
| Petitioner, | **REPORT AND RECOMMENDATION ON: (1) PETITIONER'S MOTION FOR A STAY-AND-ABEYANCE OF HIS FIRST AMENDED PETITION AND (2) RESPONDENT'S MOTION TO DISMISS THE SECOND AMENDED PETITION** |
| v. | |
| GEORGE A. NEOTTI, Warden, | |
| Respondent. | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**Introduction**

Petitioner, a state prisoner represented by Ward Stafford Clay, Esq., filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Presently before the Court is Petitioner's motion to stay and hold in abeyance his first amended petition ("FAP") as well as Respondent's motion to dismiss Petitioner's second amended petition ("SAP"). (ECF Nos. 14, 17). Petitioner filed a FAP along with a request for the Court to stay and hold in abeyance his exhausted claims pending exhaustion of his unexhausted claims in the California Supreme Court. (ECF Nos. 13, 14). Respondent filed an opposition to Petitioner's motion for a stay-and-abeyance. (ECF No. 15). Petitioner then filed the SAP containing his previously exhausted Fifth Amendment claim and his allegedly newly-

exhausted Sixth Amendment claims. (ECF No. 16-1, at 5). Respondent moved to dismiss the SAP. (ECF No. 17). Petitioner did not file a response to Respondent's motion to dismiss.

This Court submits this report and recommendation to United States District Judge Janis L. Sammartino under 28 U.S.C. § 636(b)(1) and Local Civil Rule H.C.2. of the United States District Court for the Southern District of California. Because Petitioner's motion to stay and Respondent's motion to dismiss deal raise similar issues, the Court has consolidated its report and recommendations on both motions.

**Procedural Background**

On January 19, 2007, a jury convicted Petitioner of the murder of Jeremy Hogan (Pen. Code,[1] § 187, subd. (a), count 1), assault with a semiautomatic firearm (§ 245, subd. (b), count 3), and permitting another person to discharge a firearm from a vehicle (§ 12034, subd. (b), count 4). (Lodgment No. 1, Clerk's Transcript ("CT") at 227; Lodgment No. 7, Opinion ("Op.") at 1-2). The jury found true allegations that in the course of committing murder, Petitioner personally and intentionally discharged a firearm and proximately caused great bodily injury and death (§ 12022.53, subd. (d)), and that he committed all the offenses for the benefit, and at the direction, of a criminal street gang within the meaning of section 186.22, subdivision (b)(1). (Lodgment No. 1, CT at 227; Lodgment No. 7, Op. at 1-2). The jury acquitted Petitioner of an attempted murder count. (Lodgment No. 1, CT at 227).

On January 25, 2008, after denying Petitioner's motion for a new trial, the trial court sentenced Petitioner to the Department of Corrections for an indeterminate term of 50 years to life as follows: 25 years to life for Petitioner's violation of count 1, and a consecutive term of 25 years to life for Petitioner's violation of the firearm enhancement alleged with the count; the trial court stayed a five year term for the gang enhancement alleged with that count under Penal Code section 654. The trial court also imposed an

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

eleven year sentence for special enhancements related to the crimes. Finally, the trial court imposed a concurrent term of two years for his violation of count 4 and a concurrent term of three years for his violation of the gang enhancement alleged with that count; the court stayed execution of both of these terms under Penal Code section 654. (*Id*. at 397; Lodgment No. 10, Reporter's Transcripts, at 6089-6091).

On February 20, 2008, Petitioner filed a notice of appeal from the judgment. (Lodgment No. 1, CT at 339). On February 4, 2009, Petitioner petitioned for writ of habeas corpus with the California Court of Appeal, Fourth Appellate District, Division One. (Lodgment No. 3, at 29). On April 4, 2009, Petitioner requested consolidation of habeas corpus, Case No. D054536, with petition for appeal, Case No. D052554. (*Id*. at 12).

On July 30, 2009, the California Court of Appeal, Fourth Appellate District, Division One, consolidated Petitioner's petition for writ of habeas corpus with Petitioner's appeal. (Lodgment No. 6, Order Consolidating Direct Appeal and Petition). On the same date, that court affirmed the judgment against Petitioner and denied the petition for writ of habeas corpus. (Lodgment No. 7, Op. at 42).

On September 9, 2009, Petitioner petitioned to the Supreme Court of California for review of the California Court of Appeal judgment of conviction. (Lodgment No. 8). On November 10, 2009, the California Supreme Court denied the petition without comment, stating in full: "The petition for review is denied." (Lodgment No. 9).

Ninety days later, on February 7, 2010, the judgment became final because Petitioner did not seek certiorari from the United States Supreme Court. *Brown v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).[2] On February 8, 2010, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations began to run. 28 U.S.C. § 2244 (d)(1)(A).

One-hundred and seventy-one days later, on July 29, 2010, Petitioner filed a

---

[2] The statute of limitations runs from the date on which the underlying judgment became final through either the conclusion of direct review or expiration of time to seek direct review. 28 U.S.C. § 2244(d)(1)(A).

federal habeas corpus petition in the United States District Court, Southern District of California. (ECF No. 1). In his petition, Petitioner raised two grounds to overturn his 2007 state court convictions: (1) ineffective assistance of counsel and (2) prosecutorial misconduct. (ECF No. 1). On October 8, 2010, Respondent filed an answer to the petition claiming the petition contained both exhausted and unexhausted claims, and thus was a "mixed" petition subject to dismissal.[3] (ECF No. 6). In reply, Petitioner filed a traverse on November 8, 2010, insisting he fully exhausted all of his claims. Alternatively, if the Court were to find the petition "mixed," Petitioner requested the Court stay and hold his claims in abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005) because he had good cause for not exhausting his claims in state court. (ECF No. 8). Petitioner argued good cause existed because he believed he had fairly presented the merits of his claims to the California Supreme Court. (ECF No. 8, at 6).

This Court issued a report and recommendation ("R&R") on December 7, 2011, recommending dismissal. (ECF No. 10). On January 7, 2013, Judge Sammartino adopted the R&R and dismissed the petition without prejudice. (ECF No. 12). Judge Sammartino found Petitioner's federal habeas corpus petition contained unexhausted ineffective assistance of counsel sub-claims *and* an exhausted prosecutorial misconduct claim. (ECF No. 12, at 7-8). Judge Sammartino also denied Petitioner's request for a stay-and-abeyance of his mixed petition under *Rhines*. (ECF No. 12, at 11-12). Judge Sammartino concluded Petitioner failed to demonstrate good cause by asserting a mistaken belief that his counsel fairly presented his claims in state court. (ECF No. 12, at 12).

However, Judge Sammartino granted Petitioner forty-five days to move for a stay under the withdrawal-and-abeyance procedure outlined in *Kelly*.[4] (ECF No. 12, at 12-13). Judge Sammartino did not comment on Petitioner's assertion that his unexhausted claims

---

[3] Mixed petitions are federal habeas corpus petitions containing both exhausted and unexhausted claims. *See Rose v. Lundy,* 455 U.S. 509, 516-17 (1982).

[4] *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007).

"relate back" to, and share a "common core of operative facts" with, his exhausted claims. (ECF No. 12, at 12). On February 20, 2013, Petitioner filed a FAP within the forty-five days ordered by Judge Sammartino and requested a stay under *Rhines*. (ECF Nos. 13, 14). On February 22, 2013, Respondent filed an opposition to Petitioner's motion to stay and abey. (ECF No. 15). While Petitioner appears to have followed the three-step procedure in *Kelly* by filing a fully-exhausted FAP and asking the court to hold it in abeyance, he nevertheless cited to *Rhines* and attempted to demonstrate good cause. (ECF No. 14). Petitioner failed to argue for a stay under *Kelly* as instructed by Judge Sammartino.

On June 21, 2013, Petitioner filed a SAP containing allegedly fully-exhausted claims. (ECF No. 16). On July 3, 2013, Respondent moved to dismiss the SAP as untimely and because Respondent claims there is no basis on which to grant Petitioner a stay of proceedings. (ECF No. 17). Respondent also contends the SAP does not relate back to the FAP and should be dismissed. (*Id.*)

**Time-line of Relevant Events**

| Date: | Event: |
|---|---|
| January 19, 2007 | A San Diego Superior Court Jury convicted Petitioner. |
| November 10, 2009 | California Supreme Court denied petition for review without a written opinion. (Lodgment No. 9). |
| February 7, 2010 | Judgment became final with the conclusion of direct review-90 days after the state supreme court's denial because Petitioner did not seek certiorari from the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). |
| February 8, 2010 | ***One-year statute of limitations begins to run.*** 28 U.S.C. §2244 (d)(1)(A). |
| | ***171 days elapsed until*** |
| July 29, 2010 | Petitioner filed a petition for writ of habeas corpus in the United States District Court, Southern District of California. (ECF No.1). |
| October 8, 2010 | Respondent filed an answer to petition for writ of habeas corpus claiming the petition contained unexhausted sub-claims. (ECF No. 6). |

| | |
|---|---|
| November 8, 2010 | Petitioner filed a traverse claiming he exhausted all claims. Alternatively, if the Court found Petitioner's claims unexhausted, Petitioner requested the court to not to dismiss his petition, but rather hold it in abeyance under *Rhines v. Weber* for good cause. (ECF. No. 8). |
| February 8, 2011 | ***One-year statute of limitations has run.*** |
| December 7, 2011 | The Court issued a report and recommendation re: petition for writ of habeas corpus recommending the district court dismiss the petition without prejudice because it contained unexhausted claims and Petitioner failed to demonstrate good cause for a stay of the petition. (ECF No. 10). |
| January 4, 2012 | Petitioner filed an objection to the report and recommendation and asked for a withdrawal and abeyance under *Taylor*. (ECF No.11). Petitioner cited *Calderon v. Dist. Court (Taylor)*, 134 F.3d 981, 986 (9th Cir. 1988). |
| January 7, 2013 | Judge Sammartino adopted the Court's report and recommendation and dismissed the petition for writ of habeas corpus without prejudice. Judge Sammartino denied Petitioner's request for a stay under *Rhines*. Judge Sammartino granted Petitioner **forty-five days** to file an amended petition with only his exhausted claims and permitted him to then request a stay under the withdrawal-and-abeyance procedure. (ECF No. 12, at 13). |
| | ***44 days elapsed until*** |
| February 20, 2013 | Petitioner filed his FAP for a writ of habeas corpus containing only exhausted claims and moved the Court to stay and hold in abeyance his FAP under *Rhines*.(ECF No. 13-14). |
| February 22, 2013 | Respondent filed an opposition to Petitioner's motion for stay and abeyance. (ECF. No. 15). |
| June 21, 2013 | Petitioner filed SAP. |
| July 3, 2013 | Respondent filed Motion to Dismiss SAP. |

**Motion to Stay FAP: Petitioner's Argument**

Petitioner seeks a stay and abeyance of his fully exhausted FAP.[5] (ECF No. 14). Petitioner argues, under *Rhines*, the Court should grant the stay for good cause. (ECF No. 14). Petitioner argues good cause exists because he believed his attorney had fairly presented his claims to the California Supreme Court. (ECF No. 14, at 3). Petitioner also

---

[5] Judge Sammartino adopted this Court's R&R in full. Accordingly, the Court has determined Petitioner exhausted his Fifth Amendment prosecutorial misconduct claim in state court. (ECF No. 12, at 4) (citing ECF No. 10, at 10).

claims the Court should grant the stay because his habeas petition is meritorious and he does not intend to delay proceedings because he is not facing the death penalty. (ECF No. 14, at 3-4).

**Motion to Stay: Respondent's Argument**

Respondent contends Petitioner's reliance on *Rhines* is misplaced because the FAP is not mixed. (ECF No. 15, at 5). Respondent notes a stay under *Rhines* applies to mixed petitions, whereas a stay under *Kelly* applies to fully exhausted petitions. (ECF No. 15, at 4-5). Respondent claims a stay under *Kelly* is also inappropriate because he filed his FAP after the AEDPA statute of limitations had run. (ECF No. 15, at 5). Respondent argues Petitioner's time to file a federal habeas corpus petition ended on February 8, 2011, making his February 20, 2013 FAP untimely. (ECF No. 15, at 6). Respondent further contends Petitioner's unexhausted claims of ineffective counsel do not relate back to the FAP and, therefore, do not satisfy a stay under *Kelly*. (ECF No. 15, at 7).

**Motion to Dismiss SAP**

Respondent's motion to dismiss the SAP follows the same reasoning outlined in Respondent's opposition to Petitioner's motion to stay (above). (*See generally*, ECF No. 17). Respondent also argues the SAP was not timely filed and neither statutory nor equitable tolling apply, Petitioner did not properly seek leave to file the SAP, and the Sixth Amendment claims in the SAP do not relate back to the Fifth Amendment claim in the FAP. (*Id*.) Respondent contends the SAP must relate back to the FAP. (*Id*. at 10). Respondent concludes Petitioner's only remaining claim before the Court is the Fifth Amendment claim contained in the FAP. (*Id*.)

**Discussion**

*Stay-and-Abeyance Procedure*

A district court has the discretion to stay a mixed petition in order to review the unexhausted claims on the merits without being barred by the one-year statute of limitations established under the AEDPA. *Rhines*, 544 U.S. at 275. Rather than dismiss a mixed petition, district courts can stay a petition and hold it in abeyance while the

petitioner exhausts his unexhausted claims in state court. *Id.* at 275-76. Federal courts have limited discretion to use stay-and-abeyance procedures for mixed petitions. *Rhines,* 544 U.S. at 277. The stay-and-abeyance procedure is only appropriate where there is good cause for the petitioner's failure to exhaust his claims in state court. *Id.*

Petitioner contends there is good cause for a stay-and-abeyance of his FAP under *Rhines*. (ECF No. 14). However, Petitioner's argument fails for two reasons. *First*, in the district court's order dismissing Petitioner's original petition, Judge Sammartino denied Petitioner's request for a stay under *Rhines*, concluding Petitioner failed to demonstrate good cause. (ECF No. 12, at 11-12). Petitioner's present motion to stay fails to raise *any* new arguments as to why there is good cause to stay his FAP. (ECF No. 14, at 3). *Second*, Petitioner cites to *Rhines* in his motion yet appears to have followed the three-step *Kelly* procedure: he filed an amended petition containing only exhausted claims and now asks for a stay in federal court to amend his petition following exhaustion of his unexhausted claims in state court. (ECF No. 14, at 4). Stays under *Rhines*, however, properly apply to mixed petitions, not fully exhausted petitions. *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005).

Because Petitioner has failed to demonstrate good cause for a stay under *Rhines,* this Court will evaluate whether a stay is appropriate under *Kelly*. Even though Petitioner has not requested a stay under *Kelly*, the *Kelly* procedure is more appropriate because Petitioner seeks to stay a fully exhausted petition. *See Jackson*, 425 F.3d at 661; *Olvera v. Giubino*, 371 F.3d 569, 573 (9th Cir. 2004).

*Withdrawal-and-Abeyance Procedure*

The withdrawal-and-abeyance procedure, also known as the "*Kelly* procedure," does not require a showing of good cause. *King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009). Rather, under *Kelly*, a petitioner: (1) voluntarily amends his mixed petition by deleting the unexhausted claims, (2) asks a federal court to stay his fully exhausted petition while the remaining claims are exhausted in state court and, once the claims are fully exhausted, (3) returns back to federal court to amend his petition with the newly-

exhausted claims. *Id.* at 1139 (citing *Kelly v. Small*, 315 F.3d at 1063, 1070-71 (9th Cir. 2002)). Under the *Kelly* procedure, a petitioner will only be able to stay his petition and add the newly exhausted claims if the petition is timely filed or if the unexhausted claims share a common core of operative facts with the claims in the pending petition. *Id.* at 1140-41 (citing *Mayle v. Felix*, 545 U.S. 644, 659 (2005)). A petitioner timely files an amended petition if done within the AEDPA one-year statute of limitations. *Id.* at 1141. A petition filed after the one-year time period may still be timely if statutory or equitable tolling applies. *See, e.g., Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002); *Tillema v. Long*, 253 F. 3d 494, 498 (9th Cir. 2001).

Because Petitioner filed his FAP, including his originally exhausted claim, and his SAP, adding his recently exhausted claims, after the AEDPA one-year statute of limitations (See Time-line of Relevant Events, *infra*), the Court must determine if statutory or equitable tolling apply to render his petition timely.

*Statutory Tolling*

The AEDPA one-year limitations period is subject to statutory tolling while a properly filed application for post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2); *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). The statute of limitations period *is not tolled* while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181 (2001) (interpreting "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. §2244(d)(2)). The filing of a state petition does not reinitiate the AEDPA limitations period once it has ended. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (citing *Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001). Section 2244(d)(2) provides an incentive for litigants to fully exhaust all their available state remedies before filing their federal habeas petitions and promotes finality by preventing delays in adjudication. *Id.* at 180.

In addition, the interval between the disposition of one state petition and the filing of another may be tolled under "interval tolling." *Carey v. Saffold*, 536 U.S. 214, 223, (2002). "[T]he AEDPA statute of limitations is tolled for 'all of the time during which a

state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.' " *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999) (quoting *Barnett v. Lamaster*, 167 F.3d 1321, 1323 (10th Cir.1999)); *see also Carey*, 536 U.S. at 219–22. The statute of limitations is tolled from the time the first state habeas petition is filed until state collateral review is concluded, but it is not tolled before the first state collateral challenge is filed. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir.2007) (citing *Nino*, 183 F.3d at 1006).

A petitioner bears the burden of proving that a properly filed state habeas corpus petition tolls AEDPA's one-year statute of limitations. *See Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir.2010) (citing *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir.2002)) (holding that a petitioner has the burden of demonstrating that the limitations period was sufficiently tolled).

Here, statutory tolling does not apply to the instant case because Petitioner completed a full round of post-conviction review in state court on September 9, 2009 when he petitioned the California Supreme Court for review, filed a petition for writ of habeas corpus in federal court on July 29, 2010, but did not return to state court during the AEDPA statute of limitations period. (Lodgment No. 8). With no post-conviction proceedings pending in the state courts during the pendency of his federal petition, statutory tolling does not apply. 28 U.S.C. § 2244(d)(2); *Holland*, 130 S. Ct. at 2554. Indeed, Petitioner did not attempt to exhaust his unexhausted claims in state court until nearly two years after the AEDPA statute of limitations had run. (ECF No. 13, FAP at ¶ 15). Petitioner was put on notice of his failure to exhaust on October 8, 2010, when Respondent answered the petition contending, in part, certain sub-claims of Petitioner's ineffective assistance of counsel claim were unexhausted. (ECF No. 6-1, at 12). Petitioner responded to Respondent's exhaustion argument in his traverse; Petitioner argued the petition was fully exhausted and, alternatively, requested a stay of proceedings in order to exhaust the unexhausted sub-claims. (ECF No. 8-1, at 7). Also, Petitioner acknowledged in his traverse the impending deadline of the AEDPA one-year statute of limitations. (*Id*.

at 6). The Court found all of Petitioner's ineffective assistance of counsel claims were unexhausted and denied Petitioner's request for a stay under *Rhines*. (ECF No. 12). *Importantly*, Petitioner did not actually attempt to exhaust these claims until sometime after February 20, 2013. (ECF No. 13, FAP at ¶ 15); (ECF No. 14, Petitioner's Motion to Stay and Abey the FAP, at 4) (Petitioner requested "a reasonable period to permit petitioner an opportunity to exhaust all of his Sixth Amendment claims in the California Supreme Court . . ."). Therefore, Petitioner knew on October 8, 2010 of the possibility that his Sixth Amendment claims were unexhausted and knew the AEDPA statute of limitations was running out, but nevertheless failed to attempt to exhaust those claims in state court before the AEDPA statute of limitations ran on February 8, 2011.

Accordingly, Petitioner is not entitled to statutory tolling. In order for the SAP to be timely, equitable tolling must apply. *See Pace v. DiGuglielmo,* 544 U.S. 408, 417-18 (2005).

*Equitable Tolling*

The AEDPA one-year statute of limitations may be equitably tolled in appropriate cases. *Holland*, 130 S. Ct. at 2552. Petitioners may be entitled to equitable tolling only where they have diligently pursued their rights but some rare or exceptional circumstance prevented them from timely filing. *Nedds v. Calderon*, 678 F.3d 777, 780 (9th Cir. 2012); *see also Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (explaining that courts should use equitable tolling doctrine sparingly); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002 ("the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule") (internal quotation marks and citation omitted). Petitioners have the burden of showing an extraordinary circumstance prevented them from timely filing. *See Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2011). Petitioners must prove an extraordinary circumstance *existed and caused* the untimely filing. *See, e.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Stillman v. Lamarque*, 319 F.3d 199, 1203 (9th Cir. 2003). Equitable tolling is not available where a petitioner's own conduct, rather than an outside force, caused the untimely filing. *See*

*Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (holding prison authorities' failure to mail petitioner's timely check was an extraordinary circumstance out of petitioner's control). Similarly, a petitioner's counsel's failure to timely file is imputed on the petitioner and does not entitle a petitioner to equitable tolling absent egregious conduct or abandonment by counsel. *See Maples v. Thomas*, 132 S.Ct. 912, 922-23 (2012).

Petitioner has failed to make any arguments as to why equitable tolling should apply because Petitioner's counsel failed to address the withdrawal-and-abeyance procedure as instructed by the Court. (ECF No. 12). Moreover, even applying Petitioner's *Rhines*-based good cause argument (i.e., Petitioner's mistaken belief that he fully exhausted his claims in state court before filing a federal habeas corpus petition constitutes good cause to stay the FAP) to the equitable tolling analysis, Petitioner's and Petitioner's counsel's mistaken belief that Petitioner filed a fully exhausted petition neither constitutes an extraordinary or rare circumstance for equitable tolling, nor establishes good cause under *Rhines*. *See Maples*, 132 S.Ct. at 922-23; *See Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (concluding petitioner's ignorance that his counsel failed to exhaust a claim did not constitute good cause for a stay under *Rhines*).

Moreover, for the Court to grant Petitioner equitable tolling based on his counsel's failure to fairly present, and thus fully exhaust, his claims in state court, Petitioner would have to demonstrate his counsel's failure is tantamount to an abandonment of duties as counsel, as opposed to mere negligence or mistake (e.g., miscalculating a filing deadline). *Maples*, 132 S.Ct. at 923. An attorney's negligence is insufficient cause for equitable tolling because the attorney is the petitioner's agent and the principal bears the risk of negligent conduct on the part of his agent. *Id.* at 922. When an attorney abandons his client without notice, however, the principal-agent relationship is severed, and the attorney's acts or omissions can no longer be fairly be attributed to the client. *Id.* at 922–23.

Petitioner's counsel's failure to fairly present and thus fully exhaust all claims in state court is akin to mere negligence or mistake as opposed to egregious conduct or

abandonment. *See Maples*, 132 S.Ct. at 923. There is no evidence Petitioner's counsel has abandoned Petitioner and, as the Court previously concluded, "The presentation of [P]etitioner's claims in his petition to the state supreme court indicates either a strategic choice to highlight particular claims while surreptitiously injecting just enough information on other claims to hopefully preserve them for federal review or simply a casual and haphazard approach to presenting certain claims." (ECF No. 10 at p. 10).

Because Petitioner is not entitled to equitable tolling, the newly exhausted claims must relate back to the claims in the pending petition in order for the Court to grant a stay. *Kelly*, 315 F.3d at 1069.

*Relation Back*

In the district court's order, Judge Sammartino made no comment on whether Petitioner's unexhausted claims relate back or share a common core of operative facts. (ECF No. 12, at 12). Judge Sammartino's order invited Petitioner to request a stay under the withdrawal-and-abeyance procedure but Petitioner chose to argue for the stay-and-abeyance procedure under *Rhines*. In addition, Petitioner did not seek leave to amend his FAP, but rather filed a SAP. Petitioner neither addressed relation back in his SAP, nor filed an opposition to Respondent's motion to dismiss to address Respondent's argument that the relation-back doctrine does not apply.

An amendment relates back to the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Anthony v. Cambra*, 236 F.3d 568, 577 (9th Cir. 2000) (quoting Fed . R. Civ . P. 15(c)(2)). The amendments must arise from the same core facts as the timely filed claims, and cannot depend upon events separate in both time and type from the originally raised issues. *Mayle*, 545 U.S. at 657. The Federal Rules of Civil Procedure apply to habeas corpus proceedings through Fed. R. Civ. P. 81(a)(4), 28 U.S.C. § 2242, and Habeas Corpus Rule 11.

In his motion to stay the FAP and in his SAP, Petitioner fails to address whether his allegedly newly-exhausted claims relate back to his exhausted claim of prosecutorial

misconduct or the claims in his original petition. (ECF No. 14). "As the moving party, Petitioner bears the burden of presenting or demonstrating these other claims 'relate back.'" *Zaragoza v. Martel*, No. 09cv01598–DMS (WMc), 2011 WL 1486528, at *3 (S.D. Cal. Jan. 31, 2011) (citing *King*, 564 F.3d at 1135–43); *see also Henry v. Cate*, NO. CIV. 10–2398–JLS WVG, 2011 WL 7461905, *2 (S.D. Cal. Aug.22, 2011) (holding that petitioner bears the burden of proving relation back). Absent any showing that his new claims relate back, Petitioner fails to meet the threshold for invoking the relation-back doctrine. *See Zaragoza v. Martel*, 2011 WL 1486528, at *3. Moreover, the Court cannot discern how a claim about prosecutorial misconduct relates to claims regarding ineffective assistance of counsel.

Accordingly, the Court concludes Petitioner has failed to connect his newly exhausted claims to a pending petition. On that basis, Respondent's motion to dismiss the SAP as time barred should be granted.

**Conclusion**

The Court submits this Report and Recommendation to United State District Judge Janis L. Sammartino under 28 U.S.C. section 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** this motion to stay be denied because Petitioner's claims are untimely and do not arise out of the same operative facts. **IT IS FURTHER RECOMMENDED** the court issue an Order (1) approving and adopting the Report and Recommendation and (2) directing that judgment be entered denying the motion stay the FAP and, (3) granting Respondent's motion to dismiss the SAP with prejudice because the Court previously invited Petitioner to advance arguments necessary under the withdrawal-and-abeyance procedure, yet Petitioner failed to accept the Court's invitation. The Court should permit Petitioner to proceed on his one fully-exhausted Fifth Amendment claim.

**IT IS HEREBY ORDERED** no later than *September 4, 2013* any party to this action may file written objections with the Court and serve a copy on all parties. The

document should be captioned "Objections to Report and Recommendation." **The Court notes Petitioner did not file a response to Respondent's motion to dismiss. The Court instructs the parties to raise any arguments regarding the motion to stay or the motion to dismiss (including exhaustion of the claims in the SAP), in the written objections to this report and recommendation.**

**IT IS HEREBY FURTHER ORDERED** any Reply to the Objections shall be filed with the Court and served on all parties no later than *September 11, 2013*. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Date: August 20, 2013

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court